UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON UTLEY,                                               CASE NO. 13-cv-11223
                                                           HONORABLE GERALD E. ROSEN
            Petitioner,
v.

OAKLAND COUNTY,

            Respondent.
_____/

### ORDER DISMISSING THE HABEAS CORPUS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Aaron Utley has filed a *pro se* habeas corpus petition challenging his 2004 convictions for armed robbery and felony firearm. His sole argument is that he should have been tried as a juvenile rather than as an adult. Because it appears that Petitioner has not exhausted state remedies for this claim, his petition must be dismissed without prejudice.

### I. Background

The habeas petition alleges that, on February 24, 2005, Petitioner pleaded guilty to one count of armed robbery, Mich. Comp. Laws § 750.529, and one count of felony firearm, Mich. Comp. Laws § 750.227b. On March 21, 2005, the state trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to a consecutive term of one to ten years in prison for the armed robbery conviction.

Petitioner filed his habeas corpus petition in this Court on March 20, 2013. He alleges that his constitutional rights to due process and equal protection of the law were violated because he was charged as an adult even though he was only seventeen years old at the time of the

offense and his arrest and arraignment in 2004. He contends that, if he had been tried as a juvenile, the disposition of his case might have been different.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 535 (2012). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. This means that a habeas petitioner must present each issue to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)). And even though "the exhaustion doctrine is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim." *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

Petitioner appears to have filed a state complaint for the writ of habeas corpus, but such complaints generally may not be used to challenge a conviction. Mich. Comp. Laws § 600.4310(3); *In re Lamanna*, 263 Mich. 62, 63-65; 248 N.W. 550, 550-51 (1933); *People v.*

*Price*, 23 Mich. App. 663, 669-70; 179 N.W.2d 177, 179-80 (1970).  Even if a state complaint for the writ of habeas corpus were a proper method for challenging Petitioner's conviction, he alleges that both the Oakland County Circuit Court and the St. Clair County Circuit Court rejected and returned his complaint without filing it.  Petitioner apparently made no other attempt to challenge his conviction in state court.  The Court therefore concludes that Petitioner has not satisfied his burden of proving that he exhausted state remedies for his claim by raising the claim at all levels of state court review.  Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus [Doc. #1, filed Mar. 20, 2013] is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases (stating that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").  This dismissal is without prejudice to Petitioner's right to renew his claim in federal court following exhaustion of state remedies.  The Court notes, however, that the one-year statute of limitations, 28 U.S.C. § 2244(d), may have already expired.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED** because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS FURTHER ORDERED that Petitioner may not proceed *in forma pauperis* if he appeals this order, because an appeal could not be taken in good faith.  28 U.S.C. § 1915(a)(3).


Dated:  April 18, 2013         s/Gerald E. Rosen
                               Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2013, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, (313) 234-5135